UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN FERRARO,

    Plaintiff,

v.    Case No:   2:13-cv-632-FtM-38DNF

WELLS FARGO N.A. and JOHN DOE LOAN OWNER, INC.,

    Defendants.
_____/

# **ORDER**[1]

This matter comes before the Court on Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff's Jury Trial Demand and Incorporated Memorandum of Law (Doc. #5) filed on September 6, 2013. Plaintiff has not filed a timely response. See M.D. Fla. Local Rule 3.01(b).

Plaintiff brings this action pursuant to the Real Estate Settlement and Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(f)(2). Plaintiff executed a mortgage and note on his home. Plaintiff alleges he is unaware of whether Defendant Wells Fargo Bank, N.A. ("Defendant Wells Fargo") is the loan servicer or owns the Note and Mortgage on Plaintiff's residence. See Doc. #2, ¶¶ 4-5. Plaintiff alleges he sent a Qualified Written Request to Defendant Wells Fargo seeking clarity on this issue but to no avail. See Doc. #2, ¶¶ 5, 9-10. Plaintiff contends

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Defendant Wells Fargo failed to timely respond to Plaintiff's written request and therefore violated RESPA and TILA.

Plaintiff's Complaint contains a demand for a jury trial. (Doc. #2, at 8). In the instant motion, Defendant Wells Fargo contends Plaintiff knowingly and voluntarily waived his right to a jury trial when he signed the mortgage. The mortgage contained the following jury trial waiver: "**25. Jury Trial Waiver.** The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." (Doc. #4-3, at 14).

Here, it is clear that this matter is "related to" the note. Therefore, the pending issue rests on whether Plaintiff effectively waived his right to a jury demand. A party may waive its right to a jury trial if the waiver is done knowingly and voluntarily. Bakrac, Inc. v. Villager Franchise Sys., Inc., 164 Fed.Appx. 820, 823 (11th Cir.2006). In assessing whether a party has knowingly and voluntarily waived its right to a jury trial, the court considers four factors: (1) the conspicuousness of the waiver provision; (2) the parties' relative bargaining power; (3) the sophistication of the party challenging the waiver; and (4) whether the terms of the contract were negotiable. Id. at 824. Under the circumstances, the Court then determines whether the waiver was unconscionable, contrary to public policy, or simply unfair. Hancock v. Deutsche Bank Nat. Trust Co., No. 8:06-CV-1724-T-27EAJ, 2006 WL 6319816, *1 (M.D. Fla. Oct. 24, 2006) (citing Allyn v. W. United Life Assur. Co., 347 F.Supp.2d 1246, 1252 (M.D. Fla.2004)).

There is no showing that Plaintiff did not knowingly and voluntarily waive his right to a jury trial. The jury trial waiver is contained in the final paragraph of the fourteen

page document, right before the page containing Plaintiff's signature. This final paragraph is in a typeface and style consistent with the rest of the document and is not obscured by other language. The Court has not been supplied with evidence tending to show that the waiver was unconscionable, contrary to public policy, or simply unfair. Courts routinely and regularly enforce jury trial waivers found in loan agreements. See e.g., Bakrac, Inc., 164 Fed. Appx. at 824; Gordon v. Chase Home Finance, LLC, No. 8:11-cv-2001-T-33EAJ, 2013 WL 256743, *10 (M.D. Fla. Jan. 23, 2013); Correa v. BAC Home Loans Servicing LP, No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701,*15-16 (M.D. Fla. Apr. 9, 2012); Paschette v. Wells Fargo Bank, N.A., No. 6:11-cv-442-Orl-31GJK, 2011 WL 2470314, *4 (M.D. Fla. June 21, 2011). This case is no exception. Upon consideration of the individual factors and the totality of the circumstances, the Court strikes the jury demand in this case.

The Court notes that Defendant failed to indicate in its motion that it met and conferred with opposing counsel prior to filing the motion as required by Local Rule 3.01(g). Counsel is cautioned that failure to include such a certification in future motions will result in the motion being denied without further consideration.

Accordingly, it is now **ORDERED:**

Wells Fargo Bank, N.A.'s Motion to Strike Plaintiff's Jury Trial Demand and Incorporated Memorandum of Law (Doc. #5) is **GRANTED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 24th day of September, 2013.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record